```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
ACCELECARE WOUND CENTERS, INC.,       :
                                      :
                 Plaintiff,           :
                                      :
            -v-                       :       MASTER FILE:
                                      :       08 Civ. 8351 (DLC)
THE BANK OF NEW YORK, AMICUS HYPERBARIC :
GROUP, LLC, AMICUS MEDICAL GROUP, LLC, :      MEMORANDUM OPINION
AMICUS WEST TEXAS HYPERBARIC L.P.,    :            & ORDER
AMICUS TEXAS HYPERBARIC, LP, AMICUS   :
ARIZONA HYPERBARIC, L.P., AMICUS SOUTH :
TEXAS HYPERBARIC, LP, AMICUS VALLEY   :
HYPERBARIC, LP, and JOHN R. HEDRICK,  :
                 Defendants.          :
-------------------------------------- X
```

Appearances:

For plaintiff:

William S. Eggeling
Ropes & Gray, LLP
One International Place
Boston, MA 02110

Caitlin M. Moyna
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036

For defendants Amicus Hyperbaric Group, LLC, Amicus Medical Group, LLC, Amicus West Texas Hyperbaric L.P., Amicus Texas Hyperbaric, LP, Amicus Arizona Hyperbaris, L.P., Amicus South Texas Hyperbaric, LP, Amicus Valley Hyperbaric, LP, and John R. Hedrick:

Brian G. Jackson
9442 Capital of Texas Highway
Arboretum Plaza I, Suite 950
P.O. Box 1588
Austin, TX 78767

Thomas J. McGowan
Meltzer, Lippe, Goldstone & Breitstone, LLP
190 Willis Avenue
Mineola, NY 11501

DENISE COTE, District Judge:

Defendants Amicus Hyperbaric Group, LLC, Amicus Medical Group, LLC, Amicus West Texas Hyperbaric L.P., Amicus Texas Hyperbaric, LP, Amicus Arizona Hyperbaric, L.P., Amicus South Texas Hyperbaric, LP, Amicus Valley Hyperbaric, LP, and John R. Hedrick (collectively, the "Amicus Parties,") have moved for reconsideration of the portion of the Court's May 5, 2009 Opinion and Order that held that they had abandoned one of their claims that plaintiff Accelecare had failed to pay a debt it had assumed. Accelecare Wound Centers, Inc. v. Bank of New York, No. 08 Civ. 8531 (DLC), No. 08 Civ. 11314 (DLC), 2009 WL 1227487, at *3 (S.D.N.Y. May 5, 2009) (the "May 5 Opinion"). For the reasons below, the motion is denied.

## BACKGROUND

As explained in the May 5 Opinion, the Amicus Parties' counterclaim alleged that Accelecare had failed to pay three debts of $270,000, $25,000 and $275,000 that it had assumed pursuant to a May 31, 2007 Asset Purchase Agreement ("APA") between Accelecare and the Amicus Parties. Id. at *2. Accelecare moved to dismiss the counterclaim on January 23, 2009. Accelecare's motion submitted that two of the debts, $270,000 owed to Gary Luker (the "Luker" claim) and $275,000 owed in connection with an asset in McAllen, Texas (the "McAllen" claim) were duplicative, and that only a single liability existed, a $270,000 liability owed to

Luker incurred in connection with the asset in McAllen.  Id. at *3.  The May 5 Opinion observed that the Amicus Parties had not responded to Accelecare's argument that the claims were duplicative in their opposition to the motion.  Id.  Accordingly, it concluded that the Amicus Parties conceded that the two claims were identical and dismissed the McAllen claim.  Id.

The Amicus Parties moved for reconsideration of the dismissal of the McAllen claim on May 8.  They argue that they opposed Accelecare's position regarding the Luker and McAllen claims in their January 27, 2009 memorandum ("January 2009 Memorandum") filed in opposition to Accelecare's January 7 motion to dismiss the Amicus Parties' complaint filed in a related case, Amicus Hyperbaric Group, LLC v. Accelecare Wound Centers, Inc., No. 08 Civ. 11314 (DLC) (the "Texas Action").  The May 5 Opinion addressed the motion to dismiss in the Texas Action alongside Accelecare's motion to dismiss the counterclaim in the above-captioned matter after finding that Accelecare presented identical arguments in both of its motions.  May 5 Opinion, 2009 WL 1227487, at *2.

## DISCUSSION

A motion for reconsideration should be granted only where the moving party demonstrates that the court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision. See

3

S.D.N.Y. Local Civil Rule 6.3; Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided."  Id. at 257.

Local Rule 6.3 "is to be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly construed by the court."  Zoll v. Jordache Enter. Inc., No. 01 Civ. 1339(CSH), 2003 WL 1964054, at *2 (S.D.N.Y. Apr. 24, 2003) (citation omitted).  The decision to grant or deny the motion is within the sound discretion of the district court.  See Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 132 (2d Cir. 1999).

The Amicus Parties have not shown that the May 5 Opinion overlooked any argument that they advanced.  Their January 2009 Memorandum simply cites the sections of the counterclaim that allege breach of contract for failure to pay the Luker and McAllen debts.  It contains no argument as to why these two claims were not duplicative.  Even in their briefing on the motion for reconsideration, the Amicus Parties fail to point to any facts showing that the two claims are not, in fact, a single obligation.[1]

---

[1] The Amicus Parties attach Section 2.4(a)(v) and Schedule 2.4(A)(V) of the APA to their reply in support of the motion for reconsideration.  This information is not new, nor was it overlooked.  The May 5 Opinion is replete with references to the APA, which it closely examines, and pages 17 and 18 of

4

CONCLUSION

The Amicus' Parties May 8 motion for reconsideration is denied.

SO ORDERED:

Dated:     August 11, 2009
           New York, New York

                                    _____
                                           DENISE COTE
                                    United States District Judge

---

Accelecare's memorandum in support of its motion to dismiss the counterclaims cited these very same provisions to which the Amicus Parties now direct the Court.  Moreover, the plain language of these provisions only reaffirms the conclusion reached in the May 5 Opinion, as each provision makes reference to precisely three debts assumed.  Two of the obligations are not at issue in this lawsuit; the third is a debt incurred in connection with the build-out at the McAllen Medical Center.  Section 2.4(a)(v) of the APA refers to "the obligations or liabilities of Seller described on Section 2.4(a)(v) [:] Oxygen fence installation at Webster . . . obligation to Larry Manning relating to equipment purchase and other matters at Rio Grande . . . build out obligations related to McAllen" (emphasis in original).  Schedule 2.4(A)(V) proceeds to list the same three obligations, except that it provides more detail regarding each.  With regard to the claim related to the build-out of the McAllen Medical Center, it lists one "$270,000 obligation owed by Amicus Valley Hyperbaric, L.P. to Gary Luker incurred in connection with the build-out of the McAllen Center which was a condition to the extension of the McAllen Provider Contract."  This makes clear that the debt for the McAllen build-out is a single obligation owed to Gary Luker.  These provisions further support Accelecare's position and the May 5 Opinion's dismissal of a McAllen claim as a separate obligation from the Luker claim.

5